Totten, J.,
delivered the opinion' of the court.
The defendant, as first endorser of the bill, was liable to pay the money; and the plaintiff, who is second endorser, having been compelled by law to pay it when the defendant was liable to pay, the law will imply a promise on the part of the latter to repay the money. “For it is general principle, that a man who pays the debt of another by compulsion, may recover from him the amount of the debt so paid.”
It is said that the plaintiff, by making this payment, was only remitted to his remedy upon the bill; bnt, we do not think so. It is true, he might take up the bill, erase his own endorsement, and institute a suit upon it, but is not compelled to adopt this remedy. He may sue for money paid to defendant’s use. In Poronal vs. Ferrand, 6 Barn. & Cres., 439, a similar case, Holroyd, J., says: “I am of opinion that the plaintiff is entitled to recover in this action upon the same principle upon which a surety is entitled to recover money from his principal.
“ I think that a party .is not bound to resort to the original engagement unless it be by deed, but that he may, at his election, found his action upon the original engagement, or bring indebitatus assumpsit for money paid.”
~We think this is a sound principle, and that it will apply as well where the whole amount due on the original engagement is paid, as a part of it.
"We can see no reason or principle for a distinction founded on that circumstance. Chitty on Contracts, 513. Bayless on Bills, 274.
*405 Let tbe judgment be reversed, and the cause be remanded.
Judgment reversed.